**E.I. DUPONT DE NEMOURS AND COMPANY, Plaintiff,**

v.

**LOCAL 900 OF THE INTERNATIONAL CHEMICAL WORKERS UNION, AFL–CIO, Defendant.**

**Civ. A. No. H–91–0953.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 29, 1991.

Judgment affirmed, 968 F.2d 456.

Debra Tellez, E.I. DuPont de Nemours & Co., Houston, Tex., for plaintiff.

Bruce Fickman, Houston, Tex., for defendant.

## SUMMARY JUDGMENT MEMORANDUM

HOYT, District Judge.

Pending before the Court is the motion for summary judgment of plaintiff-counterdefendant, E.I. DuPont de Nemours and Company. The Court, having considered the motion, the response, the pleadings on file, and the applicable law, is of the opinion that the motion should be granted.

### FACTUAL BACKGROUND

This action involves a labor dispute between a union and management. DuPont initiated this action pursuant to Title 29 U.S.C. §§ 185, 301 of the Labor Management Relations Act of 1947, as amended, in an effort to overturn an arbitration award that was issued pursuant to the collective bargaining agreement between Local 900 of the International Chemical Workers Union, AFL–CIO and DuPont. The award ordered the reinstatement of union members, Joseph David and James Davidson, who were terminated by DuPont for alleged illegal drug use on company premises. The Union, as the bargaining agent for David and Davidson, counterclaimed to enforce the arbitration award.

The sole issue submitted to the arbitrator was: Whether David and Davidson were discharged for just cause under the contract? If not, what is the appropriate remedy?

The arbitrator found that DuPont proved by clear and convincing evidence, although

circumstantial in nature, that David and Davidson used marijuana on DuPont's premises on February 15, 1989. The arbitrator also found that discharge was not the appropriate penalty and that David and Davidson were appropriate candidates for a company rehabilitation program.

## CONTENTIONS

DuPont argues that the arbitration award should be vacated or modified because the arbitrator exceeded his authority by modifying the remedial measures taken by DuPont against David and Davidson, and because the award of reinstatement violated public policy.

## DISCUSSION

The courts have limited authority to review an arbitrator's award entered pursuant to a collective bargaining agreement. In order to have the arbitrator's award set aside, DuPont must show that enforcement of the award would violate public policy, *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983), or that the decision does not draw "its essence from the collective bargaining agreement" and is therefore, beyond the contractual authority bestowed upon the arbitrator. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

A court may vacate an arbitration award if it finds that the arbitrator has exceeded his contractual authority as set out in the terms of the collective bargaining agreement. "Thus, while an arbitrator's decision is accorded considerable judicial deference to the extent it touches the merits of the controversy, the arbitrator's jurisdiction nevertheless is shaped by the underlying collective bargaining agreement." *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Assoc.*, 889 F.2d 599, 602 (5th Cir.1989).

The arbitrator's decision in this case is somewhat analogous to that in *Delta Queen*. In *Delta Queen*, the arbitrator made an implicit finding of just cause for dismissal while setting aside the company's decision. 889 F.2d 599. The Court concluded that the arbitrator "had no jurisdiction under the collective bargaining agreement to assess an alternative remedy or impose an individually-tailored modification to the punishment." *Delta Queen*, at 603. Therefore, when an arbitrator fails to make an express finding of proper cause, the arbitrator will nevertheless be bound by his underlying findings that an employee committed certain acts that constituted proper cause for termination. *Id.* at 604.

In the case at bar, here the arbitrator failed to make an express finding of just cause although finding that the grievants violated a company rule by smoking marijuana on company premises. These positions are opposites because this latter finding constitutes an implicit finding of just cause. Because the issue submitted to the arbitrator provided that the arbitrator could only reach the issue of appropriate remedy if there was no finding of just cause, the arbitrator exceeded his contractual authority by ordering reinstatement of the grievants.

Accordingly, the Court concludes that the arbitrator's award should be set aside. Based on this conclusion, it is unnecessary for the Court to address the public policy issue.

It is therefore ORDERED that the motion for summary judgment of plaintiff-counterdefendant, DuPont, be, and it is hereby, GRANTED.